UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE                        **REPORT**
WORKERS INTERNATIONAL UNION,                         **and**
f/k/a Paper, Allied Industrial, Chemical and         **RECOMMENDATION**
Energy Workers International Union (PACE)
Local 1-6992,                                        **05-CV-533A(F)**

                                    Plaintiff,

                v.

E.I. DuPONT de NEMOURS AND COMPANY,

                                    Defendant.
_____

APPEARANCES:            BLITMAN & KING LLP
                        Attorneys for Plaintiff
                        DONALD D. OLIVER,
                        JAMES R. LaVAUTE,
                        KENNETH L. WAGNER, of Counsel
                        Franklin Center, Suite 300
                        443 North Franklin Street
                        Syracuse, NY 13204

                        PHILLIPS LYTLE LLP
                        Attorneys for Defendant
                        JAMES D. DONATHEN, of Counsel
                        3400 HSNC Center
                        Buffalo, New York 14203

## JURISDICTION

This action was referred to the undersigned by Honorable Richard J. Arcara on

October 4, 2005.  The matter is presently before the court on Defendant's motion to

dismiss, filed October 26, 2005 (Doc. No. 7).

## BACKGROUND

Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, f/k/a Paper, Allied Industrial, Chemical and Energy Workers International Union (PACE) Local 1-6992 ("the Union" or "Plaintiff") commenced this action on August 1, 2005, seeking under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 *et seq*. ("the LMRA"), an order to enforce an arbitration award against Defendant E.I. duPont de Nemours ("DuPont" or "Defendant").  On September 30, 2005, the Union filed the Amended Complaint (Doc. No. 3) ("the Amended Complaint").

On October 26, 2005, Defendant DuPont moved, in lieu of filing an answer, to dismiss the action as time-barred.  In support of the motion, DuPont filed the Affidavit of James D. Donathen, Esq. (Doc. No. 8) ("Donathen Affidavit"), and Defendant's Memorandum of Law in Support of Motion to Dismiss (Doc. No. 9) ("Defendant's Memorandum").  On November 18, 2005, the Union filed the Union's Memorandum of Law in Opposition to Employer's Motion to Dismiss (Doc. No. 13) ("Plaintiff's Memorandum"), and the Affidavit of Donald D. Oliver, Esq. in Opposition to Employer's Motion to Dismiss (Doc. No. 12) ("Oliver Affidavit").  On December 2, 2005, Defendant filed Defendant's Reply Memorandum of Law in Further Support of Its Motion to Dismiss (Doc. No. 15) ("Defendant's Reply").  Oral argument was deemed unnecessary.

Based on the following, Defendant's motion to dismiss should be GRANTED.

# **FACTS**[1]

Specifically, on September 30, 2003, the Union filed a grievance alleging DuPont terminated an employee, Darrell Benson ("the Grievant"), in violation of the Collective Bargaining Agreement ("the CBA" or "the Agreement") between the Union and DuPont. An arbitration hearing, pursuant to the CBA, was held on June 25, 2004, and January 6 and 7 2005 before arbitrator Douglas Bantle ("Arbitrator Bantle").

By Opinion and Award dated April 17, 2005 ("the Arbitration Award"),[2] Arbitrator Bantle determined that DuPont had terminated the Grievant's employment in violation of the Agreement, and directed DuPont to reinstate Grievant

> without loss of seniority and shall compensate him at his regular rate of pay for time lost based on his regular work schedule in effect immediately prior to his discharge, provided that in no event shall the period of payment exceed Two Hundred and Seventy (270) calendar days . . . . [Grievant] shall be placed in the same disciplinary position that he was in on September 25, 2003, a probation of which he had served 10 months and four days.

Arbitation Award at 44.

According to the transmittal letter from the American Arbitration Association ("the AAA") and accompanying the copies of the arbitration award mailed to the Union's and DuPont's attorneys is dated April 19, 2005 ("the transmittal letter").[3]

By letter to the AAA dated May 18, 2005 ("the May 18, 2005 Letter"),[4] the Union requested modification or clarification of the Arbitration Award. In particular, the Union

---

[1] Taken from the pleadings and motion papers filed in this action.

[2] A copy of the Arbitration Award is attached as Exhibit B to the Amended Complaint.

[3] A copy of the transmittal letter is attached as Exhibit A to the Donathen Affidavit.

[4] A copy of the May 18, 2005 Letter is attached as Exhibit B to the Donathen Affidavit.

asserted that, although DuPont had reinstated the Grievant, Dupont had, in violation of

the Arbitration Award, deducted unemployment payments and interim earnings from the

back pay award, refused to grant the Grievant with lost seniority and service credit,

refused to pay the Grievant a bonus, and indefinitely extended the Grievant's probation

period.  May 18, 2005 Letter.  By letter to the AAA dated May 24, 2005 ("the May 24,

2005 Letter"),[5] DuPont objected to the Union's request on the basis that Arbitrator

Bantle had not retained jurisdiction over the remedy phase of the Arbitration Award.

May 24, 2005 Letter.  By letter to the Union and DuPont dated June 10, 2005 ("the June

10, 2005 Letter"),[6] Arbitrator Bantle declined to address the Union's concern on the

basis that clarification or interpretation of the arbitration award required the consent of

both parties.  June 10, 2005 Letter.  This action followed.


## DISCUSSION

Although the Amended Complaint plainly states that "[t]his action to enforce an

arbitration award is brought under Section 301 of the Labor-Management Relations Act

("LMRA"), 29 U.S.C. § 185," Amended Complaint ¶ 185, DuPont's motion to dismiss

refers to this action as one to "confirm" the arbitration award.  Defendant's

Memorandum at 3.  LMRA § 301, however, makes no provision for an action to

"confirm" an arbitration award.  *See*, *generally*, 29 U.S.C. § 185 *passim*.  Rather, the

remedy of "confirming" an arbitration award is available under the Federal Arbitration

---

[5] A copy of the May 24, 2005 Letter is attached as Exhibit C to the Donathen Affidavit.

[6] A copy of the June 10, 2005 Letter is attached as Exhibit D to the Donathen Affidavit.

Act, 9 U.S.C. § 1 *et seq*. ("the FAA").  Specifically, FAA § 9 U.S.C. § 9 provides that a party wishing to confirm an arbitration award may apply to the court "at any time within one year after the award is made."  Significantly, confirmation of an arbitration award is "essentially a summary proceeding that merely makes what is already a final arbitration award a judgment of the court" thereby allowing the party seeking confirmation to pursue a variety of remedies to enforce the judgment should the losing party to the arbitration not abide by the arbitration award.  *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).  Confirmation of an arbitration award is a summary procedure usually obtained through a petition, rather than by commencing an original action by complaint.  *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 89 n. 2 (2d Cir. 2005).  Moreover, the FAA does not apply to actions under the LMRA. *The Coca-Cola Bottling Company of New York, Inc. v. Soft Drink and Brewery Workers Union Local 812, International Brotherhood of Teamsters*, 242 F.3d 52, 53 (2d Cir. 2001) ("We hold that in cases brought under Section 301 of the Labor Management Relations Act of 1947 ('Taft-Hartley Act'), 29 U.S.C. § 185, the FAA does not apply."). In opposing Defendant's motion, the Union fails to address DuPont's misstatement of the correct nature of the Union's basis for relief.

Nevertheless, DuPont moves to dismiss the instant action as time-barred.  In so moving, DuPont argues that although the Union's action is styled as one to confirm the arbitration award, for which, as noted, *supra*, pursuant to the FAA the applicable period of limitations is one year, in actuality, the Union seeks to modify or clarify the arbitration award, which is subject to a 90-day limitations period, measured from the date of receipt of the subject arbitration award.  Defendant's Memorandum at 4-8; Defendant's Reply at

3-8.  That the arbitration award is dated April 17, 2005 is undisputed.  Further, there is a rebuttable presumption that a mailed document is received three days after the date on which it was sent.  *See Sherlock v. Montefiore Medical Center*, 84 F.2d 522, 525 (2d Cir. 1996) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148, n. 1 (1984)); *see also* Fed. R. Civ. P. 6(e) (parties have three additional days following service of papers within which to act).  As the transmittal letter accompanying the mailing of the arbitration award to the Union's attorney and DuPont's attorney is dated April 19, 2005, a Tuesday, even if the arbitration award was not placed into the mail until the following day, it is presumed received on Monday, April 25, 2005.  As such, the 90-day limitations period expired on July 24, 2005, prior to the commencement of the instant action on August 1, 2005.

Although DuPont has mischaracterized the Union's action as one seeking *confirmation*, rather than *enforcement*, of the arbitration award, the Second Circuit has held that actions to enforce an arbitration award are subject to the 90-day limitations period provided by § 7511(a) of the New York Civil Practice Law and Rules.  *Local 802, Associated Musicians of Greater New York v. Parker Meridian Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) ("For enforcement of arbitration awards pursuant to a collective bargaining agreement, this Court has held that CPLR 7511(a) provides the most appropriate New York state statute of limitations.").  As such, because the instant action was filed on August 1, 2005, eight days after the Union's deemed receipt of the arbitration award on April 25, 2005, which the Union does not dispute, the action is time-barred.  Accordingly, DuPont's motion to dismiss the action as time-barred should be GRANTED.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss (Doc. No. 7) should be

GRANTED; the Clerk of the court should be directed to close the case.


Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  July <u>26</u>, 2006
    Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the

Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the

Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in

accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of

Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an**

**extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,*

892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys

for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      July 26, 2006
            Buffalo, New York