UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

━━━━━━━━━━━━━━━━━━━━━━━━━━━

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING ENERGY,
ALLIED INDUSTRIAL and SERVICE WORKERS
INTERNATIONAL UNION f/k/a PAPER, ALLIED
INDUSTRIAL, CHEMICAL and ENERGY
WORKERS INTERNATIONAL UNION (PACE),
LOCAL 1-6992,

                              Plaintiff,


          v.                                        DECISION AND ORDER
                                                        05-CV-533A

E.I. du PONT de NEMOURS & COMPANY,

                              Defendant.

━━━━━━━━━━━━━━━━━━━━━━━━━━━


          Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing

Energy, Allied Industrial and Service Workers International Union f/k/a Paper,

Allied Industrial, Chemical and Energy Workers International Union (Pace),

Local 1-6992 (the "Union"), commenced this action to enforce an arbitration

award, pursuant to § 301 of the Labor-Management Relations Act, 29 U.S.C. §

185, against defendant E.I. du Pont de Nemours & Company ("du Pont"), on

August 1, 2005.  On October 4, 2005, the case was referred to Magistrate Judge

Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1)(A).  On October 26, 2005,

du Pont moved to dismiss the action as time-barred.  On July 26, 2006,

Magistrate Judge Foschio  filed a Report and Recommendation, recommending that du Pont's motion to dismiss be granted.

The Union filed objections to the Report and Recommendation on August 16, 2006.  Du Pont filed a response thereto on August 30, 2006.  Oral argument on the objections was held on October 18, 2006.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a <u>de novo</u> determination of those portions of the Report and Recommendation to which objections have been made.  Upon a <u>de novo</u> review of the Report and Recommendation, and after reviewing the submissions of the parties and hearing argument from counsel, the Court declines to adopt the proposed findings of the Report and Recommendation.[1]

Contrary to du Pont's contention, the Court finds that the Union's Amended Complaint is more properly viewed as an action for enforcement or confirmation of the arbitrator's award, rather than an action for modification of the award.  While the Amended Complaint does ask the Court to interpret certain remedy provisions of the award, it does not ask the Court to modify those provisions.  Because the action is for enforcement or confirmation of the award, and not modification, it is governed by the one-year statute of limitations in N.Y. C.P.L.R. § 7510, rather than the 90-day limitations period in N.Y. C.P.L.R. §

---

[1]     Familiarity with Magistrate Judge Foschio's Report and Recommendation is assumed.

7511.  See Office & Professional Employees Int'l Union, Local No. 471 v.

Brownsville Gen. Hosp., 186 F.3d 326, 337 (3d Cir. 1999) ("[T]he Union seeks

enforcement of the award or, in the alternative, a remand to the arbitrator for

clarification so that the court can enforce the award.  Because clarification by the

arbitrator of an ambiguity in the award is the precondition for enforcement of the

award, we find the limitations period pertaining to enforcement the more

appropriate one.").[2]  Accordingly, the Court denies du Pont's motion to dismiss.

At oral argument, counsel for the parties agreed that if the Court

were to deny du Pont's motion to dismiss, then it would be appropriate for the

Court to remand the matter to the arbitrator for clarification of certain issues.  The

Second Circuit Court of Appeals has long recognized that courts have the

authority to remand arbitration awards for clarification or completion.  See

Americas Ins. Co. v. Seagull Compania Naviera, S.A., 774 F.2d 64, 67 (2d

Cir.1985); see also La Reunion Francaise v. Martin, No. 93 Civ. 7165, 1995 WL

338291, at *1 (S.D.N.Y. May 31, 1995), aff'd, 101 F.3d 682 (2d Cir. 1996).

"Indefinite, incomplete, or ambiguous awards are remanded so that the court will

know exactly what it is being asked to enforce. . . . [C]ourts on occasion may

remand awards to arbitrators to clarify the meaning or effect of an award, or to

---

[2]       Even if the Union's Amended Complaint were viewed as seeking both enforcement and modification of the award, it is not clear that it would then be subject to the 90-day statute of limitations in § 7511.  Cf. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006) (holding that an action to confirm in part and vacate in part an arbitration award should be considered an action to "enforce" the award).

determine whether the arbitrator has in some way exceeded his powers." <u>Ottley v.</u>

<u>Schwartzberg</u>, 819 F.2d 373, 376 (2d Cir.1987) (internal quotations and citations

omitted).  Remand of an ambiguous award is particularly appropriate, given that

"a court should not attempt to enforce an award that is ambiguous or indefinite."

<u>Americas Ins.</u>, 774 F.2d at 67.

In the context of an ambiguous remedy provision in a labor

arbitration award, the Third Circuit Court of Appeals has held that

> a remand for clarification under such conditions is consistent with the
> policy of judicial restraint that is the thrust of federal arbitral
> jurisprudence because it gives the arbitrator the opportunity to clarify
> an award with respect to which an ambiguity has arisen rather than
> forcing the court to interpolate its own estimate of the arbitrator's
> intent.  Hence, although the merits of the controversy may not be
> revisited upon remand, when the remedy awarded by the arbitrators
> is ambiguous, a remand for clarification of the intended meaning of
> an arbitration award is appropriate· . . . Such a remand avoids the
> court's misinterpretation of the award and is therefore more likely to
> give the parties the award for which they bargained.

<u>Office & Professional Employees</u>, 186 F.3d at 332 (internal quotations and

citations omitted).

Accordingly, the Court hereby remands the following issues to the

arbitrator for clarification:

1.    Whether the arbitrator intended that his award of back pay be
subject to an offset equivalent to the unemployment benefits
and interim earnings, if any, received by the discharged Union
member during the period of his discharge; and

4

    2.    Whether the arbitrator intended his award to include the payment of any Performance Based Compensation (PCB) bonus(es), and if so, for which particular year(s).[3]

On remand, the arbitrator shall only state the intent of the original award, and shall not consider the matter anew.  The arbitrator shall issue his clarification within 90 days of the date of this Decision and Order.

IT IS SO ORDERED.

        /s/ Richard J. Arcara

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: October 20, 2006

---

[3]    The Union had originally sought an interpretation or clarification of several other remedy provisions in the award, but counsel for the parties agreed at oral argument that those issues have since been resolved and are therefore moot.

5